IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD CLINTON EAGLESMITH, *et al.,*

    Plaintiffs,                                No. CIV 2:11-cv-0098-JAM-JFM

    vs.

JEFF RAY, *et al.*,

    Defendants.                          <u>ORDER</u>

_____/

        On December 15, 2011, the court held a hearing on plaintiffs' October 14, 2011 motion to compel. Peter Haberfeld appeared for plaintiffs. Brian Duus appeared for defendants. Upon review of the joint discovery statement, discussion with counsel and good cause appearing therefor, IT IS HEREBY ORDERED that plaintiffs' October 14, 2011 motion to compel is partially granted:

        1.    The parties are directed to meet and confer within ten days of the date of this order regarding Requests for Production Nos. 9, 11, 13, 14 and 29. Thereafter, the parties are directed to file with the court a joint statement regarding whether any dispute remains as to these requests.

        2.    Plaintiffs' motion to compel is granted as to Requests for Production Nos. 2, 3, 7, 16, 17, 22, 23, 27 and 28:

1

      a.     Defendants' objections are overruled as to each of these requests except to the extent such objections are based on the attorney-client privilege and/or the work-product doctrine.  Insofar as defendants declined to search for and/or produce responsive documents on the basis of any ground other than the attorney-client privilege and/or the work-product doctrine, defendants are hereby ordered to conduct a new search and/or produce responsive documents within fourteen (14) days of the date of this order.  Any documents withheld pursuant to the attorney-client privilege and/or the work-product doctrine shall be identified in an accompanying privilege log.

      b.     A verified statement shall also be submitted by each defendant (1) stating that a good faith effort has been made to search for responsive documents; (2) identifying the physical and/or electronic location where a search was conducted for responsive documents; (3) identifying the physical and/or electronic location where each produced, responsive document was located; (4) if an electronic search was conducted, identifying the search terms used; (5) identifying any responsive document(s) that were located but not produced and the ground upon which they withheld said documents (including, if necessary, a privilege log); and, finally, (6) stating that all responsive, non-privileged documents have been produced.

      c.     The court declines to adopt defendants' characterization of student names in the context of this litigation as "pupil records" as defined under the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and California Education Code § 49061 *et seq*.  Therefore, defendants shall submit responsive documents to plaintiffs without redaction of student names after compliance with California Education Code § 49073.  Any concerns that remain regarding privacy may be addressed by the entry of a protective order.

      d.     The court further declines to find that the personnel files of non-plaintiff employees are protected from disclosure.

      e.     The court specifically overrules defendants' privacy objections as to individual complainants, claimants, accusers and witnesses.

3.       Plaintiffs' motion to compel is partially granted as to Request for Production No. 15. The court agrees with defendants that this request is overbroad and hereby narrows it to exclude the terms "and other communications." Thus, Request No. 15 now reads:

> Any documents relevant to: complaints by District employees, volunteer coaches, and members of the community, concerning the QHS basketball program during school years 2004-2005, 2005-2006, 2006-2007, and 2009-2010., including but not limited to a complaint by Ron Collins concerning the availability, during December 2009, of seatbelts in plaintiff Eaglesmith's vehicle, and responses by District employees.

Defendants shall submit documents responsive to this modified request within fourteen (14) days from the date of this order. Defendants shall also submit verified statements as set forth in Section 2(b).

4.       Plaintiffs' motion to compel is denied as to Request for Production No. 21.

DATED: December 19, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;eagl0098.disc

3