IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD CLINTON EAGLESMITH, *et al.*,

      Plaintiffs,                         No. CIV 2:11-cv-0098-JAM-JFM

    vs.

JEFF RAY, *et al.*,

      Defendants.             <u>ORDER</u>

          On April 5, 2012, the court held a hearing on defendants' March 5, 2012 motion to compel. Peter Haberfeld appeared for plaintiffs. Kathleen Darmagnac appeared for defendants. Upon review of the joint discovery statement, discussion with counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

          RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

          Plaintiffs J.C. Eaglesmith, Ramona Eaglesmith, Bruce Barnes and Eileen Cox initiated this action on January 11, 2011 and are proceeding on a second amended complaint ("SAC") filed October 24, 2011. The SAC sets forth claims for employment discrimination, retaliation, harassment, failure to prevent discrimination / retaliation / harassment, and violations of their First and Fourteenth Amendments rights under 42 U.S.C. §§ 1981 and 1983.

/////

1

1          J.C. Eaglesmith alleges that school district administrators, during his tenure as Head Basketball Coach at Quincy High School ("QHS") and as the lead teacher at the Plumas County Community School, discriminated against him because he is Native American and not Christian, retaliated against him because he complained of their employment practices toward him and their treatment of students under his supervision, harassed him and created a hostile work environment that affected the terms and conditions of his employment, and failed to protect him from discrimination, retaliation and harassment.

          Ramona Eaglesmith alleges that school administrators discriminated against her because she is Native American and not Christian, retaliated against her because of her association with her husband J.C. Eaglesmith, and interfered with her right to contract. Eileen Cox and Bruce Barnes allege that district administrators retaliated against them because of their association with and support of J.C. Eaglesmith.

## DISCUSSION

          In their motion to compel, defendants seek an additional seven hours to depose plaintiff J.C. Eaglesmith, whom they have already deposed for a total of 7 hours and 15 minutes. They seek the additional time because the complaint contains multiple "detailed" paragraphs covering a nearly eight-year period concerning numerous incidents and numerous employees, administrators, volunteer coaches and parents. With regard to the deposition of J.C. Eaglesmith that has been completed, defendants contend that they were forced to rush through their allotted seven hours. Despite this pace, they were unable to question J.C. Eaglesmith on a number of matters, including, inter alia, Yvonne Bales's truck, plaintiff's allegation that he wears a baseball hat indoors as cultural headdress, plaintiff's 2010 and 2011 stress leave, complaints made about plaintiff by his assistant coaches and parents of students.

          In opposition, plaintiffs argue that defendants have failed to show good cause, the complaint is replete with details, and seven hours is more than sufficient to depose a plaintiff in an ordinary case, which, they assert, adequately describes this case.

Rule 30(d)(2) provides in relevant part:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent.

The Notes of the Advisory Committee on the 2000 amendments to Fed. R. Civ. P. 30 provide the following elucidation:

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition.... The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Id.

Upon consideration of the papers, the court finds that defendants have demonstrated good cause for an order extending plaintiff J.C. Eaglesmith's deposition. Therefore, the court will partially grant their motion. The court also notes that, as a general matter, depositions are one of several discovery devices used for gathering information from a witness.

Accordingly, IT IS HEREBY ORDERED that defendants' March 5, 2012 motion to compel is partially granted. Defendants shall have an additional four hours to depose J.C. Eaglesmith. To the extent any of that time has already been exhausted, that exhausted time shall count against the additional four hours granted here. That is, defendants aver that they have deposed J.C. Eaglesmith for a total of 7 hours and 15 minutes. Thus, 15 minutes will be subtracted from the additional time, leaving defendants 3.75 hours available to depose J.C. Eaglesmith.

DATED: April 5, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;eagl0098.disc3