1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JERALD CLINTON EAGLESMITH, *et al.*,

10           Plaintiffs,                    No. CIV 2:11-cv-0098-JAM-JFM

11       vs.

12   JEFF RAY, *et al.*,

13           Defendants.                    <u>ORDER</u>

14   _____/

15           On April 19, 2012, the court held a hearing on plaintiffs' motion to compel.  Peter

16   Haberfeld appeared for plaintiffs.  Brian Duus appeared for defendants.  Upon review of the joint

17   discovery statement, discussion with counsel and good cause appearing therefor, THE COURT

18   FINDS AS FOLLOWS:

19                              DISCUSSION

20           Plaintiffs seek leave to exceed the presumptive limits of Fed. R. Civ. P. 30(a)(2)

21   to conduct six additional depositions.[1]  Rule 30(a)(2) provides that, when a party seeks leave to

22   take more than ten depositions, the court must grant leave to the extent consistent with Rule

23   26(b)(2).  A party seeking leave of court must make a "particularized showing" why the

24   _____

25           [1]  Although plaintiffs initially requested leave to conduct seven additional depositions,
     counsel for plaintiffs represented at the April 19, 2012 hearing that they seek only six additional
26   depositions.

                                        1

1    discovery is necessary.  C & C Jewelry Mfg., Inc. v. West, 2011 WL 767839, * 1 (N.D. Cal.

2    2011) (citing Archer Danield Midland Co. v. Aon Risk Servs., Inc., 187 F.R.D. 578, 586 (D.

3    Minn. 1999)).  Under Rule 26(b)(2)(C), a court must limit discovery if it determines (1) the

4    discovery sought is cumulative or duplicative, or can better be obtained from some other source;

5    (2) the party seeking discovery has had ample opportunity to obtain the information by discovery

6    in the action; and (3) the burden or expense of the proposed discovery outweighs its likely

7    benefit.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); Lehman Bros. Holdings, Inc. v. CMG Mortg., Inc.,

8    2011 WL 203675, *2 (N.D. Cal. 2011).

9            Here, the particulars of this case justify exceeding the presumptive limit.  The

10   action involves multiple plaintiffs, multiple defendants and multiple unrelated incidents.

11   Plaintiffs have made the particularized showing for leave to exceed the presumptive deposition

12   limits as to three of the six individuals whom they wish to depose.  Therefore, this request will

13   be granted in part.

14           Based on the foregoing, IT IS HEREBY ORDERED that plaintiffs' March 28,

15   2012 motion for leave of court is partially granted.  Plaintiffs are granted leave to depose the

16   following individuals for a maximum of four hours each: Daniele DeBoever, Tom Goss and

17   Brad Baker.  Plaintiffs' motion for leave of court is denied as to Marilyn Christiansen, Nathan

18   Bales and Jim Lake.

19   DATED:  April 25, 2012.

20

21                                        UNITED STATES MAGISTRATE JUDGE

22

23   /014;eagl0098.disc5

24

25

26