IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERALD CLINTON EAGLESMITH, *et al.*,

    Plaintiffs,　　　　　　　　　　No. CIV 2:11-cv-0098-JAM-JFM

  vs.

JEFF RAY, *et al.*,

    Defendants.　　　　　　　　　　<u>ORDER</u>

                               /

On April 26, 2012, the court held a hearing on defendants' motion for a protective order. Peter Haberfeld appeared for plaintiffs. Brian Duus appeared for defendants. Upon review of the joint discovery statement, consideration of the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## FACTUAL BACKGROUND

At the March 6, 2012 deposition of Superintendent Glenn Harris, plaintiffs produced four letters that were written by Harris and addressed to the District Board members. These letters are part of a weekly Superintendent's report that Harris provides to the Board members to keep them apprised of ongoing events throughout the District. At the deposition, Harris was advised by defense counsel not to answer any questions regarding the letters as they contained attorney-client communications. Defendants thereafter filed the instant motion for protective order.

## DISCUSSION

A.  The Parties' Positions

    1.  Defendants' Position

Defendants seek an order directing plaintiffs to return the letters pursuant to Federal Rule of Civil Procedure 26(b)(5), and further directing them not to use or disclose the information contained therein.  Defendants claim the letters are internal, classified letters that incorporate information covered by the attorney-client privilege[1] and the deliberative process privilege, and include private employment/personnel information of third party employees who are not involved in this case.  Defendants assert these documents were confidential and were intended to remain confidential, were distributed to only a select group of individuals and contained privileged matters.  They argue that if plaintiffs wanted these letters, they could have filed a Public Records Act Request, which would have allowed defendants to produce the letters after redacting the privileged information contained therein.

    2.  Plaintiffs' Position

Plaintiffs argue that the letters should have been turned over to them months ago in response to their June 21, 2011 Request for Production ("RPD") 9, which asked for:

> All documents prepared by DISTRICT personnel and allegedly independent and impartial investigators that investigated, analyzed, described, commented on, sought guidance concerning, and/or responded to each of the documents submitted by PLAINTIFFS J.C. EAGLESMITH, COX and BARNES, including but not limited to grievances, complaints, incident reports, and other writings, that were presented by PLAINTIFFS J.C. EAGLESMITH, COX and BARNES to DISTRICT supervisors and their superiors that alleged that DISTRICT personnel, volunteer coaches, other volunteers, officials from organizations participating in District activities, and parents or other members of the community violated collective bargaining agreements under which they were covered, Board Policies and/or Administrative Regulations, as well as State and/or Federal criminal and civil statutes.

/////

---

[1] This order is based solely on analysis of the claim of attorney-client privilege. Defendants' other claims are not adequate to warrant the relief sought by defendants.

2

1  Plaintiffs assert that the four letters in their possession are responsive to this
2  request, but defendants never provided the letters (in either redacted or unredacted form) to the
3  plaintiffs.
4  Plaintiffs also argue that defendants did not intend for the letters to be
5  confidential, as evidenced by Superintendent Harris's testimony at his deposition.
6  As to defendants' argument that the letters must be returned pursuant to Rule
7  26(b)(5), plaintiffs claim defendants may not avail themselves of this provision because
8  defendants admit they did not provide these letters to plaintiffs.

9  3.  <u>Defendants' Reply</u>

10  Defendants counter that this is not plaintiffs' discovery motion.  They assert that
11  the dispute as to RPD 9 was resolved in late-2011 following a hearing in this court, in which the
12  parties were ordered to meet and confer further on RPD 9.  They did so and apparently resolved
13  their dispute.  Defendants argue that if plaintiffs were dissatisfied with defendants' failure to
14  produce these letters at that time, then they should have raised the issue during the meet and
15  confer process.[2]

16  Defendants also argue that these letters were not responsive to RPD 9, which
17  sought documents prepared in response to or in investigation of plaintiffs' numerous grievances,
18  not the privileged communications between the Board and its attorneys.

19  Finally, defendants argue that they objected to RPD 9 on numerous grounds,
20  including the attorney-client privilege.

21  /////
22  /////
23

---

24  [2] This argument assumes plaintiffs were in possession of the letters during the previous discovery dispute.  During the April 26, 2012 hearing, however, counsel for plaintiff claimed he
25  received the letters on March 5, 2012, the night before Harrris's deposition.  As such, plaintiffs could not have known of the existence of these letters during the earlier discovery dispute.
26

3

B. <u>Analysis</u>

    1. <u>Applicability of FRCP 26(b)(5)</u>

Defendants seek an order directing plaintiffs to return the four letters at issue on privilege grounds and with citation to Fed. R. Civ. P. 26(b)(5)(B), which provides

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

On review, the court determines that there are two flaws with defendants' reliance on Rule 26(b)(5). First, with reference to Rule 26(b)(5)(B), defendants are implicitly asserting that *they* inadvertently produced the letters to plaintiffs. However, defendants admit that they did not in fact produce the letters, and that they do not know how plaintiffs obtained the letters. Second, it is evident that the letters were produced outside of discovery. In fact, this is not a dispute concerning defendants' inadvertent disclosure. Rather, this dispute concerns a leak of privileged or confidential information. As such, on its face, it does not appear that Rule 26(b)(5) is applicable, and defendants have cited to no authority asserting the applicability of Rule 26(b)(5) to privileged information obtained outside of discovery.

Other courts faced with similar circumstances have concluded that the Federal Rules do not provide the authority to issue protective orders to documents obtained outside the scope of discovery. <u>U.S. v. Comco Management Corp.</u>, 2009 WL 4609595 (C.D. Cal. 2009); <u>Adams v. Shell Oil Co.</u>, 143 F.R.D. 105 (E.D. La. 1992); <u>Ferguson v. Ford Motor Co.</u>, 8 F.R.D. 414 (S.D.N.Y. 1948). <u>See</u> also <u>Kirshner v. Uniden Corp. of America</u>, 842 F.2d 1074 (9th Cir. 1988); <u>Bridge C.A.T. Scan Assocs. v. Technicare Corp.</u>, 710 F.2d 940 (2d Cir. 1983).

This is not to say that the court has no authority to issue a protective order in these circumstances. In <u>Comco</u>, for example, the court relied on its "inherent authority to control and

preserve the integrity of its judicial proceedings." 2009 WL 4609595, * 3-4. Therefore, insofar as defendants may obtain any relief in this court, it is through the court's "inherent authority," not the Federal Rules of Civil Procedure.

    2.    <u>Defendants' Motion</u>

At the April 26, 2012 hearing, defendants produced both unredacted and proposed redacted versions of the four letters at issue. Plaintiffs expressed no opposition to the proposed redactions of the June 4, 2010 and November 19, 2010 letters. Accordingly, defendants' request shall be granted based on plaintiff's statement of non-opposition.

Plaintiffs did, however, express opposition to the proposed redactions in the November 30, 2010 and January 20, 2011 letters. Upon examination of these letters, the undersigned finds merit in defendants' assertions of privilege. Accordingly, their request will be granted as to these letters, as well.

Based on the foregoing, IT IS HEREBY ORDERED that defendants' April 5, 2012 motion for protective order is partially granted. Within seven days of the date of this order, plaintiffs shall return all four unredacted letters in their possession to the defendants. Within seven days of receipt of the unredacted letters, defendants shall produce said letters in redacted form to plaintiffs.

DATED: April 30, 2012.

                                    UNITED STATES MAGISTRATE JUDGE

/014;eagl0098.disc6