UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD CLINTON (J.C.) EAGLESMITH, RAMONA EAGLESMITH, EILEEN COX, and BRUCE BARNES,<br><br>                 Plaintiffs,<br><br>        v.<br><br>JEFF RAY, as an individual, SUE SEGURA, as an individual, and BOARD OF TRUSTEES OF PLUMAS COUNTY OFFICE OF EDUCATION/PLUMAS COUNTY UNIFIED SCHOOL DISTRICT,<br><br>                 Defendants. | No.  2:11-cv-00098 JAM-AC<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO REVIEW TAXATION OF COSTS** |

     This matter is before the Court on Plaintiffs Bruce Barnes' and Ramona Eaglesmith's (collectively "Plaintiffs") Motions to Review Taxation of Costs (Doc. ##251, 253 respectively). Defendants Jeff Ray, Sue Segura, and the Board Of Trustees Of Plumas County Office Of Education/Plumas County Unified School District (collectively "Defendants") oppose the motions (Doc. ##263, 264) and Plaintiffs replied (Doc ##267, 268).  For the reasons set forth below, Plaintiffs' motions are GRANTED in part

1

1 and DENIED in part.[1]

2

3                         I.    BACKGROUND

4        There were four individuals originally named as Plaintiffs

5  in this action: Bruce Barnes, Ramona Eaglesmith, J.C. Eaglesmith,

6  and Eileen Cox. On October 31, 2012, this Court granted

7  Defendants' motions for summary judgment against Plaintiff Bruce

8  Barnes and against Plaintiff Ramona Eaglesmith.  See Order

9  Granting Summary Judgment Against Plaintiff Bruce Barnes, Doc

10 #247; Order Granting Summary Judgment Against Plaintiff Ramona

11 Eaglesmith, Doc. #248.  Several claims brought by Plaintiffs J.C.

12 Eaglesmith and Eileen Cox survived summary judgment.  See Minutes

13 for Motion Hearing, Doc. #232.

14       On November 14, 2012, Defendants filed bills of costs,

15 seeking a quarter of the total costs, $49,966.01, from each of

16 the two losing Plaintiffs.  Doc. ##233, 239.  On November 30,

17 2012, the Clerk of the Court entered orders taxing costs in the

18 amount of $12,491.50 against Plaintiff Barnes and $12,491.50

19 against Plaintiff Eaglesmith for court fees and other costs

20 associated with the litigation.  Doc. ##249, 250.  On December 7,

21 2012, Plaintiffs filed separate motions to review taxation of

22 costs.  Doc. ##251, 253.

23

24

25

26
   _____

27 [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28 for March 6, 2013.

II.   OPINION

A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, that "costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded.  <u>Ass'n of Mexican-Am. Educators v. State of California</u>, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc).

If the court declines to award costs, it must "specify reasons" for denying costs.  <u>Id.</u> (citing <u>Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n</u>, 576 F.2d 230, 234 (9th Cir. 1978)).  However, it need not specify reasons for its decision to abide by the presumption and tax costs to the losing party.  <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) (citing <u>Ass'n of Mexican-Am. Educators</u>, 231 F.3d at 592-93).

In addition, courts are limited to the items enumerated as taxable costs under 28 U.S.C. § 1920, but are free to interpret the meaning and scope of such items.  <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 176-77 (9th Cir. 1990).  Once it has been established that a certain item falls within the scope of § 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case.  <u>Id.</u>  Section 1920 provides that a judge or clerk of court may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically

3

1   recorded transcripts necessarily obtained for use in the case;

2   (3) Fees and disbursements for printing and witnesses; (4) Fees

3   for exemplification and the costs of making copies of any

4   materials where the copies are necessarily obtained for use in

5   the case; (5) Docket fees under §1923 of this title;

6   (6) Compensation of court appointed experts, compensation of

7   interpreters, and salaries, fees, expenses, and costs of special

8   interpretation services under § 1828 of this title. 28 U.S.C.

9   § 1920.

10       B.   Discussion

11       Although Plaintiffs submitted separate motions to review

12   costs, the arguments for both are largely the same and

13   therefore, the Court addresses both motions together.

14           1.   Apportionment of Costs

15       Plaintiffs argue that costs should be denied because

16   Defendants have made no effort to attribute particular costs to

17   the causes of action brought by each individual Plaintiff.

18   Defendants disagree, arguing that Plaintiffs are jointly and

19   severally liable for all the costs incurred and therefore,

20   apportioning a quarter of the total costs to each Plaintiff is

21   permissible.

22       Although neither party has provided Ninth Circuit case law

23   on the issue, the general rule is that a district court may

24   apportion costs between parties as it sees fit. See Tubbs v.

25   Sacramento County Jail, 258 F.R.D. 657, 660 (E.D. Cal. 2009)

26   (citing Croker v. Boeing Co. (Vertol Div.), 662 F.2d 975, 998 (3d

27   Cir. 1981)). "In dividing costs among multiple parties on one

28   side of the bar—either prevailing or non-prevailing—the court may

4

choose to impose costs jointly and severally or to disaggregate costs and to impose them individually." Id.  The burden is "on the losing parties to introduce evidence and persuade the court that costs should be apportioned." Id.  If they fail to do so, "the default rule is that costs may be imposed jointly and severally." Id. (citing In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 469 (3d Cir. 2000)).  As a result, a losing party has the burden of establishing that costs are so uniquely particular to another party that it would be inequitable to tax those costs against them.  Hynix Semiconductor Inc. v. Rambus Inc., 697 F. Supp. 2d 1139, 1147 (N.D. Cal. 2010) (citing In re Paoli R.R. Yard PCB Litigation, 221 F.3d at 471).

Here, Plaintiffs litigated this case as one unit, shared legal counsel, consolidated discovery, and Plaintiffs are in a better position than Defendants to specifically apportion and segregate costs between Plaintiffs Barnes and Eaglesmith. Moreover, Plaintiffs have provided no evidence to demonstrate that certain costs are unique to the claims or defenses of another party and should therefore be specifically apportioned. Accordingly, the Court finds that holding Plaintiffs jointly and severally liable is appropriate in this case.  Because Plaintiffs are jointly and severally liable for the costs, the Court has discretion to divide the costs equally among the four Plaintiffs to reduce the risk of duplicative costs.  See Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 764 (8th Cir. 2006) (affirming the district court's equitable division of costs among thirteen plaintiffs against a common defendant because it reduces the risk of duplicative costs).

5

1    The Court, therefore,  holds each Plaintiff liable for one
2  quarter of the total costs.

3              2.   Plaintiff Defendants' Specific Costs

4                   a.   Deposition Costs

5      Plaintiffs argue that Defendants have made no effort to
6  distinguish which depositions were taken to rebut Plaintiff
7  Barnes' and Plaintiff Eaglesmith's claims.  However, as mentioned
8  above, Plaintiffs bear the burden of demonstrating that the fees
9  should be apportioned, which they have not done.  To the
10 contrary, both Plaintiffs argue that they are essential witnesses
11 in support of Plaintiffs J.C. Eaglesmith's and Eileen Cox's
12 claims, further demonstrating that Plaintiffs have argued this
13 case as a unit.  Because Plaintiffs have provided no evidence to
14 persuade the Court that the deposition costs should be
15 apportioned, the Court finds that Plaintiffs have not met their
16 burden.  See Hynix Semiconductor Inc., 697 F. Supp. 2d at 1148
17 ("Hynix has not met its burden of demonstrating how the
18 depositions of Micron, Nanya or Samsung witnesses are so unique
19 to the claims and defenses related to them as opposed to being
20 related to the common claims and defenses asserted by all the
21 manufacturers including Hynix.")

22                   b.   Computer Technician Costs

23     Plaintiffs argue that Defendants have buried numerous
24 charges for computer technician fees under different fee
25 categories, including costs for "heavy litigation scanning,"
26 bates labeling in electronic format," "optical character
27 recognition," "hourly tech time," "make 1 blowback set of all PDF
28 files outside off folders; slipsheet with file name," among

1    others.  Defendants contend that all these fees are recoverable.

2        Under § 1920(4), "fees are permitted only for the physical

3    preparation and duplication of documents, not the intellectual

4    effort involved in their production." Romero v. Pomona, 883 F.2d

5    1418, 1428 (9th Cir. 1989) abrogated on other grounds by Townsend

6    v. Holman Consulting Corp., 914 F.2d 1136 (9th Cir. 1990). Thus,

7    costs associated with physically replicating or producing

8    documents or data are recoverable under § 1920(4), while costs

9    arising out of discovery-related activities tied to strategic,

10   confidentiality, or other types of concerns typically entrusted

11   to lawyers involve intellectual effort and are not recoverable.

12   Id. at 1427-28 (affirming the district court's denial of costs

13   associated with "fees paid to the experts who assembled, analyzed

14   and distilled the data incorporated into their trial exhibits");

15   Competitive Techs. v. Fujitsu Ltd., No. 02-1673, 2006 WL 6338914,

16   at *9 (N.D. Cal. Aug.23, 2006) (distinguishing Romero, and

17   awarding costs for Bates stamping documents before production, on

18   the grounds that "[e]xpert research is not the same as Bates

19   stamping, which the Court determines is an aspect of the physical

20   preparation or duplication of documents").

21       Here, the costs mentioned by Plaintiffs relate to production

22   and do not include costs associated with strategic review of

23   documents or decision-making.  Therefore, these costs are not

24   associated with intellectual effort.  Further, costs related to

25   converting e-data from one format into another, blowbacks, and

26   Bates stamping are valid exemplification costs.  See Plantronics,

27   Inc. v. Aliph, Inc., No. 09-01714, 2012 WL 6761576, *12 (N.D.

28   Cal. Oct. 23, 2012) ("Printing copies (or blowbacks), printing

1   native files from the computer to PDF . . . are the equivalent of

2   photocopying.  Certain ancillary tasks are common to electronic

3   or paper discovery, including Bates stamping and putting

4   slipsheets (or some marker) between documents to show document

5   breaks."); see also  Jardin v. DATAllegro, Inc., 08-CV-1462-IEG

6   WVG, 2011 WL 4835742, *7-8 (S.D. Cal. Oct. 12, 2011) (noting that

7   courts are divided over whether converting e-data from one format

8   into another is a valid exemplification cost but holding that

9   converting data into .TIFF format was a valid cost).

10       Accordingly, except for optical character recognition

11  ("OCR"), which is discussed below, the Court finds that these

12  costs related to electronic discovery are recoverable.

13                  c.   Copying Costs

14       Plaintiffs argue that Defendants have not identified which

15  copying costs were necessary to defend their claims.   In

16  particular, Plaintiffs contend that the costs of creating

17  electronically searchable documents are not recoverable.

18       Pursuant to § 1920(2), "[f]ees for printed or electronically

19  recorded transcripts necessarily obtained for use in the case"

20  are taxable costs.  28 U.S.C. § 1920(2).  "Whether a transcript

21  or deposition is 'necessary' must be determined in light of the

22  facts known at the time the expense was incurred." Sunstone

23  Behavioral Health, Inc. v. Alameda County Med. Ctr., 646 F. Supp.

24  2d 1206, 1219 (E.D. Cal. 2009) (citing Estate of Le Blanc v. City

25  of Lindsay, No. 04-5971, 2007 WL 2900515, at *2 (E.D. Cal. Sept.

26  28, 2007)).  Courts have held that OCR, which makes documents

27  electronically searchable, is not taxable, unless requested by

28  the parties, because it is generally for the convenience of the

8

1    parties.  City of Alameda, Cal. v. Nuveen Mun. High Income
2    Opportunity Fund, No. 08-4575, 2012 WL 177566 (N.D. Cal. Jan. 23,
3    2012) (holding that "that OCR and metadata extraction are not
4    recoverable.")(citation omitted); Computer Cache Coherency Corp.
5    v. Intel Corp., No. 05-01766, 2009 WL 5114002, at *4 (N.D. Cal.
6    Dec. 18, 2009) (holding that OCR and metadata extraction are not
7    recoverable because both were for the convenience of the
8    lawyers).

9        Here, Defendants seek a total of $567.98 in OCR costs.  See
10   Bill of Costs Against Plaintiff Bruce Barnes, Doc. #234 at 4, and
11   Doc. #235 at 2; Bill of Costs Against Plaintiff Ramona
12   Eaglesmith, Doc. #240 at 4, and Doc. #241 at 2.  However, there
13   is no evidence that the parties agreed to make documents
14   searchable; therefore, the costs associated with OCR are not
15   recoverable.

16       Accordingly, the Court finds that the total amount taxed
17   should be reduced by $567.98 to $49,398.03.

18           3.   Civil Rights Litigants

19       Plaintiffs contend that the Court should deny all costs
20   because they were part of a larger litigation effort to remedy
21   invidious discrimination in the Plumas County public schools.
22   Defendants argue that Plaintiffs' civil rights case was not of
23   great public importance and involved only personal claims.

24       The Ninth Circuit has held that "[d]istrict courts should
25   consider the financial resources of the plaintiff and the amount
26   of costs in civil rights cases" because "the imposition of such
27   high costs on losing civil rights plaintiffs of modest means may
28   chill civil rights litigation."  Stanley v. Univ. of S.

1    <u>California</u>, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (citations

2    omitted).  These concerns are present in cases that raise

3    "important issues . . . the answers [to which are] far from

4    obvious," <u>id.</u> at 1080, issues of "substantial public importance,"

5    and are "close and difficult."  <u>Assoc. of Mexican-American</u>

6    <u>Educators ("Association")</u>, 231 F.3d at 591-92.  In <u>Association</u>,

7    the Ninth Circuit affirmed the district court's denial of a cost

8    award exceeding $200,000 because the plaintiffs' claims had

9    statewide implications for the public schools of California,

10   their students, and a significant contingent of their teachers.

11   <u>Id.</u> at 592.

12       Here, Plaintiffs have not provided any evidence of their

13   financial resources and the cost award is substantially lower

14   than the costs sought but denied in <u>Association</u>.  In addition,

15   even though Plaintiffs' claims involved discrimination at Plumas

16   County public schools, the relief they sought, if obtained, was

17   limited to them with no greater implications.  Therefore, the

18   Court is not persuaded that Plaintiffs' claims involved issues of

19   substantial public importance.

20       Accordingly, the Court finds that complete denial of costs

21   is not warranted.

22       C.   <u>Stay Pending Resolution</u>

23       Plaintiffs request, for the first time in their replies, for

24   this Court to stay costs pending completion of the underlying

25   litigation pursuant to Federal Rule of Civil Procedure 62.

26   However, "It is improper for a moving party to introduce new

27   facts or different legal arguments in the reply brief than those

28   presented in the moving papers."  <u>United States ex rel. Giles v.</u>

1  _Sardie_, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); _see_ _also_

2  _State of Nev. v. Watkins_, 914 F.2d 1545, 1560 (9th Cir. 1990)

3  ("[Parties] cannot raise a new issue for the first time in their

4  reply briefs.")(citations omitted)).  In addition, Defendants did

5  not have the opportunity to address whether a stay would be

6  appropriate in this case.  Accordingly, it is improper for the

7  Court to consider it.

8

9                          III. ORDER

10      For the foregoing reasons, Plaintiffs' motions are GRANTED

11  in part and DENIED in part.  The total costs are reduced to

12  $49,398.03, with $12,349.51, a quarter of the total costs, taxed

13  against Bruce Barnes and $12,349.51 taxed against Ramona

14  Eaglesmith.

15      IT IS SO ORDERED.

16  Dated: March 25, 2013

17                          JOHN A. MENDEZ,
                            UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

                              11