UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD CLINTON (J.C.) EAGLESMITH, RAMONA EAGLESMITH, EILEEN COX, and BRUCE BARNES,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEFF RAY, as an individual, SUE SEGURA, as an individual, and BOARD OF TRUSTEES OF PLUMAS COUNTY OFFICE OF EDUCATION/PLUMAS COUNTY UNIFIED SCHOOL DISTRICT,<br><br>    Defendants. | No.  2:11-cv-00098 JAM-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO REVIEW TAXATION OF COSTS** |

This matter is before the Court on Plaintiffs Bruce Barnes' and Ramona Eaglesmith's (collectively "Plaintiffs") Motions to Review Taxation of Costs (Doc. ##251, 253 respectively). Defendants Jeff Ray, Sue Segura, and the Board Of Trustees Of Plumas County Office Of Education/Plumas County Unified School District (collectively "Defendants") oppose the motions (Doc. ##263, 264) and Plaintiffs replied (Doc ##267, 268). For the reasons set forth below, Plaintiffs' motions are GRANTED in part

1

and DENIED in part.[1]

## I. BACKGROUND

There were four individuals originally named as Plaintiffs in this action: Bruce Barnes, Ramona Eaglesmith, J.C. Eaglesmith, and Eileen Cox. On October 31, 2012, this Court granted Defendants' motions for summary judgment against Plaintiff Bruce Barnes and against Plaintiff Ramona Eaglesmith. See Order Granting Summary Judgment Against Plaintiff Bruce Barnes, Doc #247; Order Granting Summary Judgment Against Plaintiff Ramona Eaglesmith, Doc. #248. Several claims brought by Plaintiffs J.C. Eaglesmith and Eileen Cox survived summary judgment. See Minutes for Motion Hearing, Doc. #232.

On November 14, 2012, Defendants filed bills of costs, seeking a quarter of the total costs, $49,966.01, from each of the two losing Plaintiffs. Doc. ##233, 239. On November 30, 2012, the Clerk of the Court entered orders taxing costs in the amount of $12,491.50 against Plaintiff Barnes and $12,491.50 against Plaintiff Eaglesmith for court fees and other costs associated with the litigation. Doc. ##249, 250. On December 7, 2012, Plaintiffs filed separate motions to review taxation of costs. Doc. ##251, 253.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 6, 2013.

2

II.   OPINION

A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part, that "costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded.  <u>Ass'n of Mexican-Am. Educators v. State of California</u>, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc).

If the court declines to award costs, it must "specify reasons" for denying costs.  <u>Id.</u> (citing <u>Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n</u>, 576 F.2d 230, 234 (9th Cir. 1978)).  However, it need not specify reasons for its decision to abide by the presumption and tax costs to the losing party.  <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) (citing <u>Ass'n of Mexican-Am. Educators</u>, 231 F.3d at 592-93).

In addition, courts are limited to the items enumerated as taxable costs under 28 U.S.C. § 1920, but are free to interpret the meaning and scope of such items.  <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 176-77 (9th Cir. 1990).  Once it has been established that a certain item falls within the scope of § 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case.  <u>Id.</u>  Section 1920 provides that a judge or clerk of court may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically

1  recorded transcripts necessarily obtained for use in the case;
2  (3) Fees and disbursements for printing and witnesses; (4) Fees
3  for exemplification and the costs of making copies of any
4  materials where the copies are necessarily obtained for use in
5  the case; (5) Docket fees under §1923 of this title;
6  (6) Compensation of court appointed experts, compensation of
7  interpreters, and salaries, fees, expenses, and costs of special
8  interpretation services under § 1828 of this title. 28 U.S.C.
9  § 1920.

   B.   Discussion

   Although Plaintiffs submitted separate motions to review costs, the arguments for both are largely the same and therefore, the Court addresses both motions together.

        1.   Apportionment of Costs

   Plaintiffs argue that costs should be denied because Defendants have made no effort to attribute particular costs to the causes of action brought by each individual Plaintiff. Defendants disagree, arguing that Plaintiffs are jointly and severally liable for all the costs incurred and therefore, apportioning a quarter of the total costs to each Plaintiff is permissible.

   Although neither party has provided Ninth Circuit case law on the issue, the general rule is that a district court may apportion costs between parties as it sees fit. See Tubbs v. Sacramento County Jail, 258 F.R.D. 657, 660 (E.D. Cal. 2009) (citing Croker v. Boeing Co. (Vertol Div.), 662 F.2d 975, 998 (3d Cir. 1981)). "In dividing costs among multiple parties on one side of the bar—either prevailing or non-prevailing—the court may

choose to impose costs jointly and severally or to disaggregate costs and to impose them individually." Id. The burden is "on the losing parties to introduce evidence and persuade the court that costs should be apportioned." Id. If they fail to do so, "the default rule is that costs may be imposed jointly and severally." Id. (citing In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 469 (3d Cir. 2000)). As a result, a losing party has the burden of establishing that costs are so uniquely particular to another party that it would be inequitable to tax those costs against them. Hynix Semiconductor Inc. v. Rambus Inc., 697 F. Supp. 2d 1139, 1147 (N.D. Cal. 2010) (citing In re Paoli R.R. Yard PCB Litigation, 221 F.3d at 471).

    Here, Plaintiffs litigated this case as one unit, shared legal counsel, consolidated discovery, and Plaintiffs are in a better position than Defendants to specifically apportion and segregate costs between Plaintiffs Barnes and Eaglesmith. Moreover, Plaintiffs have provided no evidence to demonstrate that certain costs are unique to the claims or defenses of another party and should therefore be specifically apportioned. Accordingly, the Court finds that holding Plaintiffs jointly and severally liable is appropriate in this case. Because Plaintiffs are jointly and severally liable for the costs, the Court has discretion to divide the costs equally among the four Plaintiffs to reduce the risk of duplicative costs. See Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 764 (8th Cir. 2006) (affirming the district court's equitable division of costs among thirteen plaintiffs against a common defendant because it reduces the risk of duplicative costs).

 The Court, therefore, holds each Plaintiff liable for one quarter of the total costs.

      2. <u>Plaintiff Defendants' Specific Costs</u>

          a. <u>Deposition Costs</u>

Plaintiffs argue that Defendants have made no effort to distinguish which depositions were taken to rebut Plaintiff Barnes' and Plaintiff Eaglesmith's claims. However, as mentioned above, Plaintiffs bear the burden of demonstrating that the fees should be apportioned, which they have not done. To the contrary, both Plaintiffs argue that they are essential witnesses in support of Plaintiffs J.C. Eaglesmith's and Eileen Cox's claims, further demonstrating that Plaintiffs have argued this case as a unit. Because Plaintiffs have provided no evidence to persuade the Court that the deposition costs should be apportioned, the Court finds that Plaintiffs have not met their burden. See <u>Hynix Semiconductor Inc.</u>, 697 F. Supp. 2d at 1148 ("Hynix has not met its burden of demonstrating how the depositions of Micron, Nanya or Samsung witnesses are so unique to the claims and defenses related to them as opposed to being related to the common claims and defenses asserted by all the manufacturers including Hynix.")

          b. <u>Computer Technician Costs</u>

Plaintiffs argue that Defendants have buried numerous charges for computer technician fees under different fee categories, including costs for "heavy litigation scanning," bates labeling in electronic format," "optical character recognition," "hourly tech time," "make 1 blowback set of all PDF files outside off folders; slipsheet with file name," among

others. Defendants contend that all these fees are recoverable.

Under § 1920(4), "fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." Romero v. Pomona, 883 F.2d 1418, 1428 (9th Cir. 1989) abrogated on other grounds by Townsend v. Holman Consulting Corp., 914 F.2d 1136 (9th Cir. 1990). Thus, costs associated with physically replicating or producing documents or data are recoverable under § 1920(4), while costs arising out of discovery-related activities tied to strategic, confidentiality, or other types of concerns typically entrusted to lawyers involve intellectual effort and are not recoverable. Id. at 1427–28 (affirming the district court's denial of costs associated with "fees paid to the experts who assembled, analyzed and distilled the data incorporated into their trial exhibits"); Competitive Techs. v. Fujitsu Ltd., No. 02-1673, 2006 WL 6338914, at *9 (N.D. Cal. Aug.23, 2006) (distinguishing Romero, and awarding costs for Bates stamping documents before production, on the grounds that "[e]xpert research is not the same as Bates stamping, which the Court determines is an aspect of the physical preparation or duplication of documents").

Here, the costs mentioned by Plaintiffs relate to production and do not include costs associated with strategic review of documents or decision-making. Therefore, these costs are not associated with intellectual effort. Further, costs related to converting e-data from one format into another, blowbacks, and Bates stamping are valid exemplification costs. See Plantronics, Inc. v. Aliph, Inc., No. 09-01714, 2012 WL 6761576, *12 (N.D. Cal. Oct. 23, 2012) ("Printing copies (or blowbacks), printing

native files from the computer to PDF . . . are the equivalent of photocopying. Certain ancillary tasks are common to electronic or paper discovery, including Bates stamping and putting slipsheets (or some marker) between documents to show document breaks."); see also Jardin v. DATAllegro, Inc., 08-CV-1462-IEG WVG, 2011 WL 4835742, *7-8 (S.D. Cal. Oct. 12, 2011) (noting that courts are divided over whether converting e-data from one format into another is a valid exemplification cost but holding that converting data into .TIFF format was a valid cost).

Accordingly, except for optical character recognition ("OCR"), which is discussed below, the Court finds that these costs related to electronic discovery are recoverable.

### c. Copying Costs

Plaintiffs argue that Defendants have not identified which copying costs were necessary to defend their claims. In particular, Plaintiffs contend that the costs of creating electronically searchable documents are not recoverable.

Pursuant to § 1920(2), "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable costs. 28 U.S.C. § 1920(2). "Whether a transcript or deposition is 'necessary' must be determined in light of the facts known at the time the expense was incurred." Sunstone Behavioral Health, Inc. v. Alameda County Med. Ctr., 646 F. Supp. 2d 1206, 1219 (E.D. Cal. 2009) (citing Estate of Le Blanc v. City of Lindsay, No. 04-5971, 2007 WL 2900515, at *2 (E.D. Cal. Sept. 28, 2007)). Courts have held that OCR, which makes documents electronically searchable, is not taxable, unless requested by the parties, because it is generally for the convenience of the

8

parties. City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund, No. 08-4575, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012) (holding that "that OCR and metadata extraction are not recoverable.")(citation omitted); Computer Cache Coherency Corp. v. Intel Corp., No. 05-01766, 2009 WL 5114002, at *4 (N.D. Cal. Dec. 18, 2009) (holding that OCR and metadata extraction are not recoverable because both were for the convenience of the lawyers).

Here, Defendants seek a total of $567.98 in OCR costs. See Bill of Costs Against Plaintiff Bruce Barnes, Doc. #234 at 4, and Doc. #235 at 2; Bill of Costs Against Plaintiff Ramona Eaglesmith, Doc. #240 at 4, and Doc. #241 at 2. However, there is no evidence that the parties agreed to make documents searchable; therefore, the costs associated with OCR are not recoverable.

Accordingly, the Court finds that the total amount taxed should be reduced by $567.98 to $49,398.03.

### 3. Civil Rights Litigants

Plaintiffs contend that the Court should deny all costs because they were part of a larger litigation effort to remedy invidious discrimination in the Plumas County public schools. Defendants argue that Plaintiffs' civil rights case was not of great public importance and involved only personal claims.

The Ninth Circuit has held that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases" because "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." Stanley v. Univ. of S.

California, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (citations omitted).  These concerns are present in cases that raise "important issues . . . the answers [to which are] far from obvious," id. at 1080, issues of "substantial public importance," and are "close and difficult."  Assoc. of Mexican-American Educators ("Association"), 231 F.3d at 591-92.  In Association, the Ninth Circuit affirmed the district court's denial of a cost award exceeding $200,000 because the plaintiffs' claims had statewide implications for the public schools of California, their students, and a significant contingent of their teachers. Id. at 592.

Here, Plaintiffs have not provided any evidence of their financial resources and the cost award is substantially lower than the costs sought but denied in Association.  In addition, even though Plaintiffs' claims involved discrimination at Plumas County public schools, the relief they sought, if obtained, was limited to them with no greater implications.  Therefore, the Court is not persuaded that Plaintiffs' claims involved issues of substantial public importance.

Accordingly, the Court finds that complete denial of costs is not warranted.

C.   Stay Pending Resolution

Plaintiffs request, for the first time in their replies, for this Court to stay costs pending completion of the underlying litigation pursuant to Federal Rule of Civil Procedure 62. However, "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."  United States ex rel. Giles v.

Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000); see also State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs.")(citations omitted)).  In addition, Defendants did not have the opportunity to address whether a stay would be appropriate in this case.  Accordingly, it is improper for the Court to consider it.

### III. ORDER

For the foregoing reasons, Plaintiffs' motions are GRANTED in part and DENIED in part.  The total costs are reduced to $49,398.03, with $12,349.51, a quarter of the total costs, taxed against Bruce Barnes and $12,349.51 taxed against Ramona Eaglesmith.

IT IS SO ORDERED.

Dated: March 25, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11